

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roy E. Jackson
District Attorney
El Paso, Texas

Dear Sir:

          Opinion No. O-3911
          Re: Ownership of land within
              an incorporated city by
              an alien.

      We have your letters of August 18th and August 29th, 1941, submitting to us the following question:

      "Can a Syrian who lives in Juarez, Mexico, hold property that is within the city limits of El Paso?"

      Ownership of real estate in Texas by an alien is regulated by Title 5, Articles 166-167, R.C.S. of Texas, 1925.

      Subject to the treaties of the United States, Texas may determine whether or not an alien may acquire and hold land. At common law an alien may acquire real property by act of the parties. 3 Cor. Jur. Secundum, 540, 544.

      Article 166, R. S. 1925, provides that with certain exceptions no alien shall acquire any interest in real property in Texas.

      The material portion of Article 167 which contains the exceptions is as follows:

      "This title shall not apply to any land now owned in this State by aliens, not acquired in violation of any law of this State, so long as it is held by the present owners; nor to lots or parcels of land owned by aliens in any incorporated town or city of this State, nor to the following classes of aliens, who are, or who shall become bona fide inhabitants of this State, so long as they shall continue to be bona fide inhabitants of this State:"

      It is our opinion that this article establishes three separate exceptions to Article 166, which are:

      (1) Land then owned by aliens at the passage of the act.

(2) Lots or parcels of land owned by aliens in any incorporated town or city.

(3) Certain classes of aliens.

We have found no decisions construing the wording of the second exception in the above statute. Our search has included Texas Dig. Vol. 2, Key Numbers 5 through 13; Tex. Jur. Vol. 2, Aliens, Secs. 7, 8 and 9 pp. 681-687; Shepard's Texas Citator for Article 167; and 7 Texas Law Review, 607.

This is so because:

(1) The intention of the Legislature can be derived from the grammar used in setting out the three exceptions with equal dignity. Disregarding the other exceptions, this sentence is "this title shall not apply to lots or parcels of land owned by aliens in any incorporated town or city of this State."

(2) The phrase "nor to lots or parcels of land owned by aliens in any incorporated town or city of this State" is surplusage unless given the dignity of a separate exception to Article 166.

The word "owned" is used in the sense of "owned or to be owned" as suggested by you in your letter of August 29, 1941. Otherwise, it is surplusage.

It is, therefore, our opinion that Article 167 permits an alien to acquire and hold land in any incorporated city or town without reference to the other exceptions contained in Article 167.

We are not advised of any treaties affecting this situation, have made no search for same, and do not express any opinion as to what effect, if any, treaties may have on the rights of the parties.

Yours very truly

APPROVED SEP 13, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

By  /s/ Will R. Wilson

FIRST ASSISTANT
ATTORNEY GENERAL

Will R. Wilson
Assistant

WRW:BT:LM

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN